UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CRIMINAL ACTION NO. 06-03-KKC-2

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT
                AND RECOMMENDATION**

KRISTY COLEMAN TACKETT,                                                        DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the petition of United Sates Probation Officer Roger Varney alleging six violations of the terms of Defendant's supervised release. [R. 224]. The Defendant was brought before the Court on February 3, 2012 for an initial appearance on the alleged violations. The Defendant waived her right to a preliminary hearing and was remanded into custody on the motion of the United States. [R. 229].

On February 15, 2012, the matter was called for a final revocation hearing. The Defendant was present and represented by appointed counsel, Patrick O'Neill, and the United States was represented by Assistant United States Attorney Lee Gentry. United States Probation Officer Roger Varney was also present. At the hearing, Tackett, through counsel, stated her desire to stipulate to a number of the violations alleged in the report. Defendant orally moved to dismiss Violation Number 2 which alleged that she had committed another federal, state, or local crime by being arrested on January 19, 2012 in Pike County, Kentucky for Forgery in the Second Degree, a class D Felony under state law. Defense counsel stated that the charge had been dismissed in state court, and the United States did not object to dismissal of the charge.

Defendant thereafter stated that she would stipulate to the remaining violations. The Court, upon questioning the Defendant, found her to be competent to proceed, and she orally stipulated to Violation Numbers 1, 3, 4, 5, and 6. The Court accepted her plea of guilty to those violations and the Defendant expressed her desire to go forward with sentencing. The Defendant waived her right of allocution before the District Judge, and consented to exercise that right before the undersigned. There was no agreement between the parties regarding a recommended sentence. The Court, being fully advised, and after determining the voluntariness and factual basis of the plea, makes the following proposed Findings of Fact and Conclusions of Law.

## I.   FINDINGS OF FACT

(1)   On December 13, 2006, Kristy Coleman Tackett was sentenced following her plea of guilty to Counts 1, 2, and 24 of Pikeville Indictment 06-CR-3, charging her with Conspiracy to Distribute over 1000 kilograms of marijuana and Conspiracy to Distribute oxycodone in violation of 21 U.S.C. § 846. She was sentenced to a sixty month term of imprisonment to be followed by a five year term of supervised release.

(2)   On January 19, 2012, the Defendant was present in the home of Lorenzo Huffman, a convicted felon who was under home confinement based on an indictment in Pike County, Kentucky. Defendant was found in a bed beside a table which was covered with several hypodermic syringes. The United States Probation Office had previously ordered Ms. Tackett not to have any contact with Lorenzo Huffman.

(3)   On January 19, 2012 the Defendant was asked to submit to a drug test. Defendant stalled and intentionally prevented the taking of a urine sample. Probation Officer Varney then asked Defendant to pull up her shirt sleeves so that her arms could be observed. Track marks and

fresh bruising on the Defendant's arms indicated that she was using hypodermic needles to inject drugs into her body. Defendant verbally admitted to intravenously injecting oxycodone and signed a verbal acknowledgment form admitting to the use of oxycodone on or before January 19, 2012. The Defendant does not have a valid prescription for oxycodone.

## II.  CONCLUSIONS OF LAW

Pursuant to 18 U.S.C. § 3583(e)(3), the above stipulations establish, by a preponderance of the evidence, that the Defendant has violated the conditions of her supervision. More specifically,

(1)    Defendant is guilty of Violation Number 1 because she committed another federal, state or local crime. Defendant admitted to the use of oxycodone, a Schedule II controlled substance. Under Sixth Circuit precedent, use of a controlled substance is equivalent to possession. United States v. Crace, 207 F.3d 833, 836 (6th Cir. 2000). Because the Defendant has a prior federal drug conviction, simple possession of oxycodone constitutes conduct that would result in a violation of 21 U.S.C. § 844(a), a felony punishable by a term of imprisonment not to exceed two years.

(2)    Defendant is guilty of Violation Number 3 because she violated Standard Condition Number 7 which states that Defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. Defendant admitted to the use of oxycodone without a valid prescription for that substance.

(3)    Defendant is guilty of Violation Number 4 because she violated Standard Condition Number 8 which states that Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered. Defendant admitted that she obtained oxycodone from a place where controlled substances are illegally distributed.

(4)   Defendant is guilty of Violation Number 5 because she violated Standard Condition Number 9 which states that Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by her probation officer. Defendant violated this condition when she was found staying at the residence of a convicted felon who was under home confinement.

(5)   Defendant is guilty of Violation Number 6 because she violated Standard Condition Number 10 which states that Defendant shall answer truthfully all inquiries made by the probation officer and shall follow the instructions of the probation officer. Defendant was found in Lorenzo Huffman's residence despite being ordered to not have contact with that individual.

The most serious of the violations committed by the Defendant is a Grade B violation, and under §7B1.4(a), based on the Defendant's criminal history category of I, the guideline range of imprisonment would be 4 to 10 months. The maximum statutory period of imprisonment would be a term of 60 months. See 18 U.S.C. § 3583(e)(3). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising her sentencing discretion.

### III. SENTENCING ANALYSIS

In reaching a sentencing recommendation, the undersigned must consider a number of the factors set forth in 18 U.S.C. § 3553(a):

(i)   Nature and circumstances of the violations. Among other violations, the Defendant disobeyed a direct order from her probation officer by remaining in contact with Lorenzo Huffman. This individual is a convicted felon who admitted to the probation officer that he and the Defendant had been using hypodermic syringes to shoot anything they could use to get high. Defendant also

4

admitted to the illegal use of oxycodone, a serious offense warranting a term of imprisonment. The Court further notes that the Defendant had intentionally interfered with the probation officer's attempt to conduct a drug test. The deliberate nature of the Defendant's noncompliance is factored into the sentencing recommendation.

(ii)   The history and characteristics of the Defendant. The Defendant undoubtedly has a history of substance abuse. In addition to her underlying conviction for conspiracy to distribute marijuana and oxycodone, Defendant previously violated the terms of her supervision by being arrested for public intoxication and testing positive for cocaine and oxycodone. [R. 221]. Despite these previous violations, Defendant was allowed to remain on supervision and directed to participate in outpatient drug counseling. [Id.]. It is clear that leniency will not be effective in deterring the Defendant's drug use. A term of imprisonment is necessary to impose upon Defendant the importance of her supervised release conditions.

(iii)   The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant. The Court notes that in light of the Defendant's history and characteristics, the recommended sentence is necessary to promote her and others' respect for the law, deter future similar conduct by this defendant and, considering the seriousness of the violations as they relate to the use of drugs, mitigate danger to the public.

(iv)   The Sentencing Guideline Range. Based on Defendant's criminal history category of I, the guideline range of imprisonment would be 4 to 10 months. The Court believes that a sentence within that range is appropriate based on the seriousness of the offenses involved.

## IV.  RECOMMENDATION

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1)     That the Defendant's motion to dismiss Violation Number 2 be GRANTED, and that violated be DISMISSED;

(2)     That the Defendant, Kristy Coleman Tackett, be found to have committed Violation Numbers 1, 3, 4, 5, and 6 as outlined above;

(3)     That the Defendant, having waived her right of allocution before United States District Judge Karen K. Caldwell and exercised that right before the undersigned, be sentenced without delay;

(4)     That the Defendant, be sentenced to the custody of the Attorney General for a period of TEN MONTHS.  Following completion of her sentence Defendant shall serve out the remainder of her supervised release term on the same conditions previously imposed.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed February 17, 2012.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge