UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:06-03-KKC

UNITED STATES OF AMERICA,                                                                 PLAINTIFF,

V.                                **MAGISTRATE JUDGE'S
                                   REPORT AND RECOMMENDATION**

KRISTY COLEMAN TACKETT,                                                                  DEFENDANT.

***** ***** *****

      This matter came before the Court for a revocation hearing on April 8, 2015, as a result of a Supervised Release Violation Report dated March 20, 2015. The report outlines three (3) violations of Defendant's Supervised Release. At the April 8th hearing, Tackett was present and represented by retained counsel, Wesley Kent Varney, and the United States by and through Assistant United States Attorney Gary Todd Bradbury. During the hearing, Tackett stipulated to the three (3) violations as outlined in the report, waived her right of allocution before a United States District Judge, and exercised her right of allocution before the undersigned.

      Subsequent to the April 8th hearing, probation submitted an Addendum to the Court outlining an error in its guidelines calculations in the Supervised Release Violation Report. The guidelines were originally calculated as a Grade A Violation, with a Criminal History Category I, resulting in a guideline range of twenty-four (24) to thirty (30) months. However, the guidelines should have been calculated as a Grade B Violation, with a Criminal History Category of I, resulting in a guideline range of four (4) to ten (10) months.

In light of the Addendum, the Court conducted a second revocation hearing on April 14, 2015. At the April 14th hearing, Tackett was present and represented by Wesley Kent Varney, while Assistant United States Attorney Todd Bradbury appeared on behalf of the United States. Once again, Tackett stipulated to the violations, waived her right to allocution before the District Judge, and exercised her right of allocution before the undersigned. The United States asked that Tackett be given six months' imprisonment with no supervised release to follow. Defense counsel requested sixteen weekends of intermittent confinement with two years of supervised release to follow. The matter now stands submitted for a recommendation from the undersigned.

For the reasons that follow, the undersigned will recommend that Tackett be found guilty of the three (3) violations outlined in the report and that the Court impose a sentence of sixteen (16) weekends' incarceration with no credit for time served. Additionally, the undersigned will recommend that Tackett be required to continue her current term of supervised release.

## **FINDINGS OF FACT**

At the hearing on April 8, 2015, Tackett admitted that she was arrested in Pike County, Kentucky and charged with Operating a Motor Vehicle Under the Influence, 1st Offense. Additionally, Tackett admitted to snorting Xanex (for which she had no prescription) prior to her arrest. At the April 14th hearing, Tackett reiterated her stipulation to this conduct. As a result of this activity, her stipulated conduct establishes, by a preponderance of the evidence, that she has violated the following conditions of supervised release:

(1) Standard condition: Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Defendant admitted to the use of

Xanax without a valid prescription.  (Grade C Violation);

(2) Supervised release condition: Defendant shall not commit another federal, state or local crime.  Defendant's state charges constituted a violation of this condition.  (Grade C Violation);

(3) Supervised release condition: Defendant shall not commit another federal, state or local crime.  Due to the Sixth Circuit's finding that use equals possession, United States v. Crace, 207 F.3d 823, 836 (6th Cir. 2000), and the fact that offender has a prior drug conviction, simple possession amounts to a Class E felony under federal law.  See 21 U.S.C. § 844(a); 18 U.S.C. § 3559(5).  (Grade B Violation).

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553(a):

**(i) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.**  Defendant is a thirty-five-year-old female who has a Bachelor of Science degree in Psychology from the University of Pikeville.  The Defendant has a lengthy history of substance abuse.  She also has issues with depression and anxiety that are currently being treated with prescription medicine.

In addition to her underlying conviction for conspiracy to distribute marijuana and oxycodone, Defendant has now committed drug-related violations of her supervision a total of six times.  Prior to the instant matter, Defendant's most recent violation was the result of a positive urine screen for Oxycodone a little over one year ago. [R. 238].  As a result of that violation, the Court ordered Defendant incarcerated for eight weekends. [R. 242].

Notwithstanding her consistent stream of violations, Tackett has managed to maintain gainful

3

employment since her discharge from inpatient substance abuse treatment in October 2013. Further, she has maintained a residence and provided full-time care for one of her two children. In fact, she has continued to work and maintain her residence since her DUI arrest underlying the instant proceeding. Defense counsel notes that, despite Tackett's recurrent violations she has made some progress dealing with her issues by quitting intravenous drug use and taking a more active role in the lives of her children. Further, probation's Addendum shows that, prior to her latest violation, Tackett passed fourteen drug tests over the past year.[1] On account of these reasons, defense counsel recommended a sentence below the guidelines range.

**(ii) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** Defendant's violations, time and time again, are relatively minor drug-use-related crimes. However, Defendant's most recent violation involved a motor vehicle, which creates some danger to the public. Although Defendant's repeated violations show some disrespect for the law, the undersigned notes that Defendant has generally cooperated with probation, including reporting this latest violation, submitting to drug tests, and allowing probation to count her prescription medication.

**(iii) The sentencing guideline recommendation for imprisonment and statutory limitations.** In the instant matter, the most serious of the violations committed by the Defendant is a Grade B violation, and under § 7B1.1, based on the Defendant's criminal history category of I, the guideline range of imprisonment would be four (4) to ten (10) months. In reference to 18 U.S.C.

---

[1] Plaintiff's drug tests indicate that she tested positive for her prescribed Suboxone. She did not test positive for any unprescribed or illegal drugs.

§ 3583(e)(3), the statutory maximum term of imprisonment is not more than five (5) years. Pursuant to 21 U.S.C. § 841(b)(1)(A), there is no maximum authorized term of supervised release that can be re-imposed. The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## **RECOMMENDATION**

In making its recommendation, the undersigned is keenly aware of Tackett's struggles with addiction. However, the undersigned recognizes that, although she has had relapses, Tackett has made efforts to improve herself and has shown progress in her struggle with addiction. She has accepted responsibility for her latest violation and maintained her family and work responsibilities. Thus, the undersigned has attempted to make a recommendation that will punish Tackett's violation without impeding her ability to maintain employment and continue to improve her relationship with her young children.

Accordingly, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed the violation outlined above, based on her stipulation; and

(2) That the Defendant be sentenced without delay to 16 weekends' incarceration and be required to finish her current term of supervised release, which is set to expire in April 2016. Additionally, the undersigned recommends that Tackett not be given any credit for time served up to this point. To the extent possible, the undersigned would recommend that Tackett serve her weekend time at the Pike County Detention Center from 6 P.M. Friday to 6 P.M. Sunday.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261

F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 15, 2015.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge